# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| HORIZON MARKETING, INTERNATIONAL, LIMITED, *et al.*, | § § § § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION H-17-3749 |
| | § | |
| MARK NARAS, *et al.*, | § § | |
| *Defendants*. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss filed by defendants Mark Naras ("Naras"), Aquamarine Pools of Texas LLC ("Aqua Texas"), Aquamarine Pools of Houston, LLC ("Aqua Houston"), Aquamarine Pools of DFW, LLC ("Aqua DFW"), and Aquamarine Pools of Michigan LLC ("Aqua Michigan") (collectively, the "Defendants"). Dkt. 23. Plaintiffs Horizon Marketing International Limited ("Horizon"), Leisure Pools USA Trading, Inc. ("LP Trading"), Leisure & Spas Manufacturing North America, Inc. ("LP Manufacturing"), and Leisure Pools and Spas USA, Inc. ("LPS") (collectively, the "Plaintiffs") responded. Dkt. 28. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED, in part, and DENIED, in part.

## I. BACKGROUND[1]

This is a trademark case. Dtk. 17 at 2. Plaintiffs and Defendants are both engaged in the business of selling and installing swimming pools. *Id*. at 3, 5. Since March 1, 2003, Plaintiffs have

---

[1]The court accepts Plaintiffs' allegations as true for the purposes of this motion to dismiss. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

been licensed to deal and sell goods under the mark LEISURE POOLS. *Id*. at 3–4. In August 2014, LP Manufacturing entered into a license agreement with Horizon. *Id*. at 4. Through that agreement, LP Manufacturing became the exclusive manufacturer and distributor of LEISURE POOLS in the United States. *Id*. In 2005, the Defendants and Plaintiffs entered into a dealership agreement. *Id*. at 5. Under that agreement, the Defendants sold and installed LEISURE POOLS. *Id*. The parties terminated the agreement in 2010. *Id*. at 6.

Since that time, Naras registered twenty-six domain names that are similar in nature to Plaintiffs' domain, www.leisurepoolusa.com. *Id*. at 7. The links on Naras's websites refer users to sites run by Defendants, including entities in the Austin, Dallas, and Houston areas. *Id*. at 8. When these "fake" websites direct users to the Defendants' sites, the web address is masked. *Id*. As a result, users believe they are still on a LEISURE POOLS website when they are actually using a site that Defendants operate. *Id*. According to Plaintiffs, this has led to consumer confusion. *Id*. at 10. Consequently, Plaintiffs have lost potential business from customers seeking to purchase their products. *Id*.

Plaintiffs allege that Defendants are liable for Lanham Act violations (trademark infringement, unfair competition, and false advertising), cybersquatting, and federal dilution. Dkt. 17 at 2. Plaintiffs also allege violations of Texas law, including: dilution, common law trademark infringement, and common law unfair competition. *Id*. Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

## II. LEGAL STANDARD

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims

are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012) (Ellison, J.).

## III. ANALYSIS[2]

Defendants move to dismiss under Rule 12(b)(6) on the grounds that: (1) Plaintiffs pled insufficient facts; and (2) some of Plaintiffs' claims are time-barred. Dkt. 23 at 10–13.

### A. Pleading deficiencies

Defendants argue that the Plaintiffs' claims should be dismissed under Rule 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b)(6); Dkt. 23 at 12. Defendants argue that Plaintiffs' complaint is insufficient because it refers generally to "defendants" instead of differentiating among individual defendants. Dkt. 23 at 12 (citing *Body by Cook, Inc. v. State Farm Mut. Auto Ins.*, 869 F.3d 381, 385 (5th Cir. 2017)). Defendants rely on *Body by Cook* for the proposition that a reference to "defendants" as a group fails to satisfy Rule 8(a)(2). *Id*. Plaintiffs counter that they refer to each defendant specifically. Dkt. 28 at 7–8. Plaintiffs attach exhibits to demonstrate how each individual defendant has caused the alleged injury. *Id*.

Defendants mischaracterize *Body by Cook*. *Compare* Dkt. 23 at 12, *with Body by Cook*, 869 F.3d at 385. *Body by Cook* granted the defendant's motion to dismiss because essential elements of the plaintiff's claim were only supported by conclusory allegations. *See id.* In contrast, Plaintiffs pled specific facts that, if true, would constitute valid claims against Defendants. Dkt. 28 at 7–8. In particular, Plaintiffs provided the web addresses that connect each defendant to the re-directed

---

[2]Defendants also move to dismiss Naras, LP Trading, LP Manufacturing, and LPS under Rule 12(b)(1). Dkt. 23 at 3–6. Without citing authority, Defendants argue that Plaintiffs lack standing because Naras is not personally engaged in the swimming pool business. *Id*. However, Plaintiffs assert the opposite allegation. Dkt. 17 at 5. Without a legal basis for their contention, Defendants' motion as to Naras fails and is DENIED. In addition, Plaintiffs do not oppose Defendants' motion to dismiss LP Trading, LP Manufacturing, and LPS's trademark infringement and common law trademark infringement claims. Dkt. 28 at 6. Accordingly, that motion is GRANTED. Finally, because the court already dismissed Aqua Michigan (Dkt. 26), Defendants' 12(b)(2) motion is DENIED as MOOT.

4

websites. Dkt. 17 at 6–9. Plaintiffs also provided exhibits to demonstrate the Defendants' alleged conduct. *Id*. The websites show that each defendant purported, in some way, to sell or install LEISURE POOLS products. *Id.* at 6–8. Plaintiffs' complaint "states a valid claim when viewed in the light most favorable" to them. *NuVasive, Inc.*, 853 F. Supp. 2d at 658. Accordingly, Defendants' motion to dismiss under rule 12(b)(6) for pleading deficiencies is DENIED.

**B.     Statute of limitations**

Defendants also argue that the statute of limitations bars Plaintiffs' claims for common law trademark infringement and unfair competition. Dkt. 23 at 13. Because Texas law governs these state common law claims, Texas's statutes of limitation apply. *Derrick Mfg. Corp. v. Sw. Wire Cloth, Inc.*, 934 F. Supp. 796, 805–06 (S.D. Tex. 1996) (Atlas, J.).

The statute of limitations for common law trademark infringement claims is four years. *ClearChoice Holdings, LLC v. Clear Choice Dental PLLC*, No. H–14–03569, 2016 WL 8136622, at *4 (S.D. Tex. Dec. 23, 2016) (Johnson, Mag. J.). Further, trademark infringement is a continuous tort that "gives rise to a claim for relief as long as the infringement persists." *Bulbs 4 E. Side, Inc. v. Ricks*, 199 F. Supp. 3d 1151, 1165 (S.D. Tex. 2016) (Harmon, J.). Plaintiffs allege that Defendants' websites have infringed on their trademarks as recently as January 25, 2018. Dkt. 17 at 6. Accordingly, the common law trademark infringement claim falls within the four year limitations period. *Compare id., with ClearChoice Holdings*, 2016 WL 8136622 at *4. Thus, Defendants' motion to dismiss with respect to that claim is DENIED.

Finally, the statute of limitations on common law unfair competition claims is two years. *Daboub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995) (applying Texas law). An unfair competition claim accrues when a legal injury occurs. *Coastal Distrib. Co., Inc. v. NGK Spark Plug Co., Ltd.*, 779 F.2d 1033, 1036-37 (5th Cir. 1986) (applying Texas law). Thus, Plaintiffs are time-barred from

5

bringing unfair competition claims based on events occurring before December 12, 2015. *Compare* Dkt. 17 at 15, *with Daboub*, 42 F.3d at 290. Accordingly, Defendants' motion to dismiss is GRANTED with respect to those claims.

### IV. CONCLUSION

Defendants' 12(b)(1) motion is GRANTED. Thus, LP Trading, LP Manufacturing, and LPS's trademark infringement and common law trademark infringement claims are DISMISSED with PREJUDICE. Defendants' 12(b)(2) is DENIED as MOOT. Defendants' 12(b)(6) motion to dismiss is DENIED, in part, as to Plaintiffs' common law trademark claim. That motion is GRANTED, in part, as to Plaintiffs' unfair competition claims occurring before December 12, 2015. Thus, those claims are DISMISSED with PREJUDICE.

Signed at Houston, Texas on August 6, 2018.

_____
Gray H. Miller
United States District Judge